UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER LAWRENCE GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE, et al.,<br><br>Defendants. | No. 2:20-cv-0256-EFB<br><br><br><br>ORDER |

Plaintiff is confined in the California State Hospital at Coalinga. He has filed an action purporting to be brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has also filed an application to proceed in forma pauperis. ECF No. 5.

**I.  Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, his motion to proceed in forma pauperis is granted.

**II.  The Complaint Must Be Construed as a Habeas Petition**

Plaintiff filed this action on a form entitled "Complaint by a Prisoner under the Civil Rights Act, 42 U.S.C. § 1983." ECF Nos. 1, 12. The pleading contains three claims against staff at California Medical Facility, Vacaville: (1) that K. Lensgn told him in 2007 that it was not his or her job to recalculate plaintiff's sentence although plaintiff had been deprived of good conduct

1

credits (*id.* at 3); (2) that J. Sanchez was somehow involved in depriving plaintiff of conduct credits in 2007 (*id.*); and (3) that, also in 2007, Warden Susan L. Hubbard did something or said something regarding plaintiff's release date (*id.* at 4). Plaintiff seeks no damages – rather he seeks an order "to prove my innocence on DNA," "to receive my freedom," or "granting the writ." *Id.* at 3-4. He specifically requests "Instructions for filing a petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254." *Id.* at 4.

"Habeas corpus is the exclusive remedy for a state prisoner or civil committee who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Hubbs v. Alamao*, 360 F. Supp. 2d 1073, 1079 (C.D. Cal. 2005) (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) and *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). It is clear from the allegations of the complaint that plaintiff seeks immediate or speedier release. Where a complaint shows a clear intent to state a habeas claim, the Ninth Circuit has instructed district courts to construe § 1983 claims challenging the fact or duration of confinement as a petition for habeas corpus. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1046-47 (9th Cir. 2016). Accordingly, the court must construe the complaint as a petition for writ of habeas corpus.

In a habeas action, the proper respondent is generally the current custodian of the petitioner. *Bittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Where the petitioner is confined in a state hospital, that custodian is the executive director of the institution; here, Brandon Price. *See* Cal. Dep't of State Hospitals Phone Listing, *available at* https://www.dsh.ca.gov/About_Us/Contact_Us.html (last checked February 10, 2020); *Sizneroz v. California*, No. 07cv0500-JAH(POR), 2009 U.S. Dist. LEXIS 14017, at *23 (E.D. Cal. Feb. 6, 2009). Accordingly, the court will direct the Clerk of Court to correct the party designations to reflect plaintiff as "petitioner" and Brandon Price as "respondent," and to correct the docket to reflect that this is a habeas suit rather than an action under § 1983.

**III.    Screening Requirement and Standards**

Habeas actions, like § 1983 actions, are subject to initial screening by the court. A habeas petition is appropriately filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

2

United States." 28 U.S.C. § 2254(a). A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A petition must be dismissed if, on initial review, the court finds that "it plainly appears . . . that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings.

An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground, and state the relief requested. Rule 2, Rules Governing § 2254 Proceedings. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of [each] claim showing that the pleader is entitled to relief" and "a demand for the relief sought." While the court must liberally construe the allegations of a prisoner proceeding without counsel (see *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006)), the court cannot grant relief based on conclusory allegations unsupported by specific facts. *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

**IV. Screening Order**

While it is clear that petitioner seeks either immediate or speedier release from his confinement and believes he is entitled to such relief due to some mistake or malfeasance regarding the application of good conduct credits in his case, his claims are difficult to make out with any further specificity. His statement of claims, in their entirety, allege as follows (*sic* all):

> Defendant (1) Staff K. Lensgn voiced to me in a meeting / not there job to recalculate time did not receive my good time conduct credit that is allowed had to except the current release to include the date this took place is 7-5-07 defendant involved / staff K. Lensgn
>
> Defendant (2) Counselor J. Sanchez either I recived or I dident recive my case caculated nor wasent it calulated at the county jail on the merit of a two strick case at 20% or nor at 85% this calulation would add up to 80% wrong I stayed in the county jail for a total of 684 calculated days from the date of arrest May 8, 1998 to March 23, 2000 I did not recive no 1/2 time nor no 1/ time and I dident recive all of the conduct credits allowed to include the date this took place is 9-6-07 defendant involved counselor J. Sanchez
>
> Defendant (3) Warden Suzan L. Hubbard stated statement is that the actual appeal or the origional date of release is January 11, 2005 and I hold on to the director level of appeal decision "zerox copy" to prove the Attorney General sent to me the actual release date to prove my innocence defendant involved for relief

3

| | |
|---|---|
| 1 | "sought is Susan L. Hubbard Warden" to include the date this took place is 9-28-07 |
| 2 | |

ECF No. 12 at 3-4. These allegations do not specify which provision of the federal Constitution petitioner believes was violated, nor how the facts alleged make out such a violation. Indeed, if petitioner alleges only that state officials miscalculated his conduct credits in violation of state law, such a claim is not cognizable in a federal habeas action. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011); *Robison v. Cal. Dep't of Corr. & Rehab.*, No. 2:18-cv-0441 AC P, 2018 U.S. Dist. LEXIS 205258, at (E.D. Cal. Dec. 3, 2018) (stating that "[f]ederal habeas challenges to CDCR's awarding and calculation of custody credits are regularly rejected as non-cognizable by the district courts" and collecting cases).

Federal Rule of Civil Procedure 8 requires the pleader to set forth his averments in a simple, concise, and direct manner. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Further, Rule 2 of the Rules Governing § 2254 Cases in the U.S. District Courts requires habeas petitioners to "specify all the grounds of relief available" and "state the facts supporting each ground." *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (noting that Rule 2(c) demands that habeas petitioners plead their claims with particularity so that district courts can determine whether the state should be ordered to show cause why the writ should not be granted or whether the petition should be summarily dismissed without ordering a responsive pleading). The current pleading does not comply with these requirements and must be dismissed with leave to amend. If petitioner elects to amend, he must file a petition which is comprehensible and which states the federal ground(s) for each claim.[1]

The court cautions petitioner that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

---

[1] The court notes that, because this action is a habeas action, petitioner is obligated to exhaust his state court remedies on any claims he seeks to present to this court. This means that petitioner must present those claims to the state's highest court before he may seek relief here. *Picard v. Connor*, 404 U.S. 270, 276 (1971); 28 U.S.C. § 2254(b)(1). It is not clear from the original pleading whether petitioner has completed state court exhaustion with respect to the claims he presents in this action.

4

**V. Summary of Order**

Accordingly, it is hereby ORDERED that:

1. Plaintiff/Petitioner's request to proceed in forma pauperis (ECF No. 5) is granted.
2. The "complaint" is construed as a petition for writ of habeas corpus and is dismissed with leave to file an amended petition within 30 days of service of this order. The amended petition must bear the docket number assigned to this case and be titled "Amended Petition." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.
3. The Clerk of Court is directed correct the party designations to reflect plaintiff as "petitioner" and Brandon Price as "respondent," to correct the docket to reflect that this is a habeas suit rather than an action under § 1983, and to provide petitioner with AO form 241, "Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody."

DATED: March 20, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE