1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEXTER LAWRENCE GRIFFIN,                    No.  2:20-cv-256 EFB P

12                    Petitioner,

13           v.                                   ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
14    BRANDON PRICE,

15                    Respondent.

16

17          Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

18   Petitioner has filed an amended petition (ECF No. 22) which, for the reasons stated below, does

19   not state a viable federal habeas claim.

20          I.      Legal Standards

21          The court must dismiss a habeas petition or portion thereof if the prisoner raises claims

22   that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be

23   granted.  28 U.S.C. § 1915A(b)(1),(2).  The court must dismiss a habeas petition "[i]f it plainly

24   appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

25   Rule 4, Rules Governing Section 2254 Cases.

26          II.     Analysis

27          The court has reviewed the petition and cannot discern the nature of petitioner's claims.

28   /////

On the first page of the petition, petitioner claims that his judgment of conviction in the Sacramento County Superior Court was August 15, 2020 – an impossibility.  ECF No. 22 at 1. It is unclear if this is an error or if petitioner is listing some other date he believes is pertinent. Elsewhere in the petition, he refers to a "conviction obtained by a violation of the privilege against in-crimination" and a "conviction obtained by use of evidence obtained pursuant to unlawful arrest."  *Id.* at 4.   By way of supporting facts, he refers to strange events[1] – the pertinence of which the court cannot discern – all of which allegedly occurred more than twenty years ago, in 1998.  *Id.* at 4-5.  He asserts that he has a "seventy-five page writ" (*id.* at 5), but that document is not included in the current record.

This is the second time that the court has found one of petitioner's pleadings unintelligible.  *See* ECF No. 21 at 3.  The court previously informed petitioner of the defects in his pleadings and stressed that his claims could not be interpreted without additional specificity. *Id.*  The amended petition is, if anything, more inscrutable than its predecessor.  Accordingly, the court can only conclude that petitioner is incapable of articulating his claims in a manner consistent with Rule 2 of the Rules Governing § 2254 Cases.  *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (noting that Rule 2(c) demands that habeas petitioners plead their claims with particularity so that district courts can determine whether the state should be ordered to show cause why the writ should not be granted or whether the petition should be summarily dismissed without ordering a responsive pleading).  Accordingly, it is recommended that the petition be dismissed without leave to amend.

III.    Conclusion

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

/////

/////

/////

---

[1] He references threatening phone calls received in 1998.  ECF No. 22 at 4.  He states that the victim's family "are state employees" and are involved in these calls.  *Id.* at 5.

2

1    Further, it is RECOMMENDED that the amended petition (ECF No. 22) be DISMISSED

2 for failure to state a cognizable federal claim.

3    These findings and recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

5 after being served with these findings and recommendations, any party may file written

6 objections with the court and serve a copy on all parties.  Such a document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

10 his objections petitioner may address whether a certificate of appealability should issue in the

11 event he files an appeal of the judgment in this case.  See Rule 11, Rules Governing § 2254 Cases

12 (the district court must issue or deny a certificate of appealability when it enters a final order

13 adverse to the applicant).

14 DATED:  April 17, 2020.

        EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3